Fernando Martin IZQUIERDO–HERRERA, a.k.a. Fernando Izquierdo, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–72730.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 1, 2010.

Nadeem H. Makada, Burlingame, CA, for Petitioner.

Stephen Elliott, Emily Anne Radford, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Fernando Martin Izquierdo–Herrera, native and citizen of Peru, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence, *Ochoa v. Gonzales,* 406 F.3d 1166, 1169 (9th Cir.2005), and deny the petition for review.

Izquierdo–Herrera does not raise any arguments in his opening brief regarding the BIA's dispositive determination that his asylum claim was time-barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived). Accordingly, his asylum claim fails.

Substantial evidence supports the BIA's finding that Izquierdo–Herrera's altercations with drug dealers and the anonymous threats he received did not establish persecution on account of a protected ground. *See Ochoa,* 406 F.3d at 1171–72 (business owner in Columbia who rejected narcotrafficker demands did not establish persecution on account of imputed political opinion or membership in a particular social group); *see also Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, we deny the petition as to Izquierdo–Herrera's withholding of removal claim.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.